**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-5194**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

KEITH MASON,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:11-cr-00198-BR-2)

_____

Submitted:  September 20, 2012     Decided:  October 22, 2012

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, James E. Todd, Eric J. Brignac, Research and Writing Attorneys, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Mason appeals both the district court's order transferring him to adult prosecution and its order in the subsequent criminal case sentencing him to 228 months of imprisonment on his pleas of guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (2006), and to use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (2006). Having thoroughly reviewed the record, we affirm in part and dismiss in part.

Mason first claims that the district court erred in granting the Government's motion to transfer him to adult prosecution. A district court's decision to transfer a juvenile to adult prosecution is generally reviewed for abuse of discretion, which occurs "if the district court fails to make the required factual findings, or if those factual findings are clearly erroneous." United States v. Juvenile Male, 554 F.3d 456, 465 (4th Cir. 2009) (quoting United States v. Robinson, 404 F.3d 850, 858 (4th Cir. 2005)). The court's legal rulings relating to the entry of a transfer order, however, are reviewed de novo. Id.

Relevant to this case, a juvenile may be transferred to adult federal prosecution where the juvenile has committed a felonious crime of violence or drug offense in which there is a substantial federal interest warranting federal jurisdiction.

2

<u>Id.</u> at 460.  If the juvenile has committed such an offense, a district court may order a transfer if it is in the interest of justice to do so.  <u>Id.</u>; <u>see also</u> 18 U.S.C. § 5032 (2006) (outlining the relevant factors to be considered in making such a determination).

Although Mason first suggests that there was no substantial federal interest in federally prosecuting him as an adult, he concedes that this court has recently held that there is such an interest in prosecuting violations of 18 U.S.C. § 924(c), such that district courts possess jurisdiction over juveniles who commit such offenses.  <u>See</u> <u>United States v. T.M.</u>, 413 F.3d 420, 426-27 (4th Cir. 2005).  We decline Mason's invitation to revisit our ruling in <u>T.M.</u> and accordingly observe that Mason's conduct warranted federal jurisdiction.

Likewise, we find no fault with the district court's careful analysis of each of the factors it was statutorily obligated to examine in determining whether Mason's transfer to adult prosecution was in the interest of justice.  <u>See</u> 18 U.S.C. § 5032.  Despite the fact that Mason's family background and intellectual deficits are distressing, the district court properly relied on the seriousness of his crime spree, his prior delinquency record, his ongoing pattern of violence while in state custody, the uncertain extent to which Mason would benefit from further treatment, and the fact that the available federal

3

treatment programs could keep Mason only for a period of time that would be insufficient to effectively rehabilitate him. See Robinson, 404 F.3d at 858; United States v. Juvenile Male No. 1, 86 F.3d 1314, 1323-24 (4th Cir. 1996). On this record, we conclude that the district court's decision to transfer Mason to adult prosecution was a proper exercise of its discretion.

Citing the Supreme Court's recent decision in Miller v. Alabama, 132 S. Ct. 2455 (2012), which ruled that juveniles could not constitutionally be sentenced to mandatory life imprisonment without parole, Mason next asserts that his 228-month sentence violates the Eighth Amendment because it disproportionately punishes a juvenile through a sentencing scheme that was designed for adult offenders. The Government asserts that Mason's argument is barred by his appellate waiver, and our review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing convinces us that the Government is correct. Because Mason knowingly and voluntarily waived his right to appeal and because the issues he seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights, we dismiss the portion of Mason's appeal that challenges his sentence. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Accordingly, we affirm in part and dismiss in part. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
